# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
### Eastern Division

Howard Cohan

                      Plaintiff,

v.                                               Case No.: 1:22−cv−07362
                                                       Honorable Steven C. Seeger

New Crown Holdings LLC

                      Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, June 20, 2023:

      MINUTE entry before the Honorable Steven C. Seeger: On June 7, 2023, this Court issued an Order directing Plaintiff to show cause why the case should not be dismissed for want of prosecution. (Dckt. No. [8]) Basically, the Court granted a motion for entry of default on March 27, 2023, nearly three months ago. (Dckt. No. [6]) But since then, Plaintiff has done next to nothing. So this Court ordered Plaintiff to show cause why the case should not be closed. And this Court ordered Plaintiff to file a motion for a default judgment by June 9, 2023. (Dckt. No. [8]) On June 9, 2023, Plaintiff filed a statement saying that Plaintiff had "waited to file" the motion for default judgment "in hopes of resolving this matter without additional costs." (Dckt. No. [9]) Plaintiff also divulged that he "anticipate[d] filing a Motion for Default against Defendant by June 16, 2023." Plaintiff requested an order "allowing Plaintiff to file a Motion for Default against Defendant by June 16, 2023." That proposed deadline has now come and gone. Plaintiff eventually filed a motion for default judgment on June 19, 2023, without acknowledging the untimeliness of the filing. (Dckt. No. [10]) That's twelve days after this Court issued its Order about Plaintiff's failure to prosecute the case, and ten days after this Court's deadline of June 9, 2023 to file a motion for default judgment. Plaintiff did not file a motion requesting leave to file a late motion for default judgment, and did not move for an extension of time. Plaintiff also did not show cause for the late filing. Plaintiff not only missed this Court's deadline (June 9), but missed his own self−announced deadline of June 16, 2023. Parties cannot file whatever they want, whenever they want it. Plaintiff has not moved this case forward with any sense of urgency, so this Court sees no urgency to keep the case lingering around. As an aside, this Court has substantial doubts about the case and Plaintiff's likelihood of success on the merits, and would not have issued an injunction without an in−person evidentiary hearing involving Plaintiff. The Court has doubts about the alleged injury. There are doubts about the need for a cure, too. Even Plaintiff does not know if there is need for an injunction: "Plaintiff has no indication of whether Defendant has removed the barriers...." See Mtn., at 5−6 (Dckt. No. [10]). And on top of it all, the

belated motion for default judgment is inadequate because Plaintiff seeks injunctive relief without proposing any language for an injunction, let alone submitting a proposed order to the Court's proposed order inbox. In a case like this, an injunction would need to be specific enough for the Court to determine if Defendant complied. An injunction that says something like "comply with the ADA" is not good enough. Plaintiff basically asks for an injunction, without specifying what, exactly, he wants. Injunctions don't write themselves. So, even now, Plaintiff effectively has not filed a motion for a default judgment that this Court could grant, because Plaintiff has not proposed an injunction with any level of specificity as required by Rule 65. Plaintiff's motion is too late, and too little. Overall, the motion reads like a belated cut–and–paste motion for default judgment that is not tied to the facts of the case with any granularity. It gives this Court no concrete reason to issue an injunction, even if the Court considered it on the merits. The complaint is hereby dismissed. Judgment Order to follow. The case is closed. Civil case terminated. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.